UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v. Case No.: 2:04-cr-38-SPC-NPM

RODNEY DUTRA

---

# OPINION AND ORDER

Before the Court is Defendant Rodney Dutra's pro se Motion for Early Termination of Supervised Release. (Doc. 164). The Government and the United States Probation Office oppose the request. (Doc. 167). For the following reasons, the Court denies the motion.

On January 3, 2005, United States District Judge John E. Steele sentenced Defendant to a 46-month term of imprisonment and supervised release for life for the offense of possessing visual depictions involving the sexual exploitation of minors. (Docs. 51). On October 14, 2005, Defendant was resentenced to the same sentence upon remand pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005). (Doc. 71). Defendant began his term of supervised release on May 22, 2009. In September 2017, Judge Steele denied Defendant's motion for early termination of supervised release. (Doc. 91).

In its response brief, the Government explains that on at least three occasions (beginning in 2021 or 2022), Defendant was found guilty of violating

his supervised release. (Docs. 117, 137, 163). The Court ordered numerous additional conditions of supervised release, including but not limited to participation in mental health treatment specializing in sexual offender treatment, submission to polygraph testing, and registration with the state sexual offender registration agency where Defendant resides or visits. (Doc. 163). The Government explains that Judge Steele continued to prohibit Defendant from having direct contact with minors without the approval of his probation officer, and he prohibited Defendant from entering any areas where children frequently congregate such as schools and playgrounds. (Doc. 167 at 9).

This case was reassigned to the undersigned in November 2026. (Doc. 165). Now, Defendant renews his motion for early termination of supervised release. (Doc. 164). He is confined to a wheelchair and asks that the Court return his internet services to make his life "manageable," such as "paying bills, shoping [*sic*] and such." (*Id.*). He also asks the Court to appoint counsel. (*Id.*).

The Government and the Probation Office oppose the motion. (Doc. 167). They reiterate that Defendant has had three prior violations of conditions of supervised release during his term of supervision. He has conditions of supervised release that he still must follow, such as not having contact with minors, not accessing the internet without permission from his probation

officer, registering as a sex offender, and receiving mental health treatment. The Probation Office is working on a safety plan which may result in a modification to Defendant's current conditions of supervised release. (*Id.* at 7). The Probation Office will determine whether Defendant can be permitted use of a device capable of connecting to the internet, and if such approval is given, then the Probation Office will be able to routinely inspect the device.

The Court has the power to "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). However, the Court may grant such relief only if it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* The Court must also consider whether certain section 3553 factors favor relief. *Id.* (requiring consideration of most section 3553 factors but omitting 18 U.S.C. § 3553(a)(2)(A), which relates to the need to reflect the seriousness of the offense, to promote respect for the law and for just punishment); *Esteras v. United States*, 606 U.S. 185, 204 (2025) (prohibiting courts from considering subsection (a)(2)(A)). In reaching its conclusions here, the Court does not consider the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, nor does the Court consider the kinds of sentences available. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(3).

After considering the law against the record, the Court will not end early Defendant's supervised release for two reasons. First, he committed an offense involving possessing visual depictions involving the sexual exploitation of minors. Thus, the nature and circumstances of his offense militate against early termination of supervised release.

Defendant requests termination because it would make his life more manageable. But Defendant has *repeatedly* violated the terms of his supervised release. The Court wholeheartedly agrees with the Government's position that having a Probation Officer supervise Defendant protects the public from further crimes. His Probation Officer ensures that Defendant must continue to update his sex offender registration and monitors Defendant such that he has no direct contact with minors without written approval and does not enter areas where children frequently congregate.

Further, the Defendant would like access to the internet so he can pay his bills and shop. The Probation Officer is looking into a safety plan that may allow the Defendant to have access to the internet. However, until that plan is completed, the Court will not allow access. The Defendant's crime involved possessing visual depictions involving the sexual exploitation of minors, so access to the internet during his period of supervision continues to be an issue until safeguards can be put in place.

The nature and circumstances of Defendant's offense and the need for deterrence justify his continued supervision. On this matter, the Court finds that keeping Defendant on supervised release is in the best interests of justice, Defendant, and the public. Under these circumstances, the Court also denies Defendant's request to appoint counsel.

Accordingly, it is

**ORDERED**:

Defendant Rodney Dutra's pro se Motion for Early Termination of Supervised Release (Doc. 164) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record